**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

GEORGE H. LAMSON; ROSEMARIE
LAMSON,

No. 95-2770

Defendants-Appellants,

and

21.52 ACRES OF LAND, more or less,
in Clarke County, Virginia,
Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
B. Waugh Crigler, Magistrate Judge.
(CA-90-74-H)

Submitted: May 21, 1996

Decided: July 15, 1996

Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman Lamson, Charlottesville, Virginia, for Appellants. Lois J.
Schiffer, Assistant Attorney General, Robert L. Klarquist, Jonathan F.

Klein, Appellate Section, Environment and Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert P. Crouch, Jr., United States Attorney, Richard A. Lloret, Assistant United States Attorney, Roanoke, Virginia; Anthony R. Conte, Office of the Solicitor, DEPARTMENT OF THE INTERIOR, Newton Corner, Massachusetts, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, George and Rosemarie Lamson ("the Lamsons"), appeal an order of the magistrate judge[1] denying their application for attorney's fees under the Equal Access to Justice Act (EAJA).[2] The issue is whether the district court abused its discretion in finding the government's position "substantially justified." We affirm.

The National Park Service attempted for a number of years to acquire 21.52 acres of a 163.52 acre tract of land located solely in Clarke County, Virginia, and owned by the Lamsons, to serve as part of a wooded corridor to protect the Appalachian National Scenic Trail from residential development. The government hired an appraiser, Richard Bowers, who prepared an appraisal in 1987 valuing the 21.52 acres at $52,040. In the same month the Park Service offered to purchase the property for $52,000. The Lamsons declined the offer, claiming that comparable land sales reflected a much higher value.

Eventually, the matter was turned over to the United States Department of Justice, which filed a complaint in condemnation in 1990.

_____

[1] Both parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) (1988).
[2] 28 U.S.C. § 2412 (West Supp. 1996).

2

Approximately five years after the initial appraisal, the government obtained a second appraiser, Joe Wingate, who prepared an appraisal in 1992 valuing the 21.52 acres at $73,100. At a hearing a few months after this second appraisal, the government's attorney informed the court that he had authority to offer $70,000 and the Lamsons' attorney stated that his clients believed the land was worth $250,000.

At trial, the government claimed the value of the 21.52 acres was $73,100. This figure was based upon the value of all of the Lamsons' land before the partial taking and the value remaining after the partial taking. The government's expert witness at trial, Joe Wingate, calculated the value of the Lamsons' land based on one inspection of the property and ten comparable land sales in Clarke County, Virginia. Mr. Wingate valued the Lamsons' entire 162.52 acre tract before the taking of 21.52 acres at $635,100, and the value of the 141 acres remaining after the partial taking at $562,000.

At trial, Mr. Lamson testified as to the value of the land. He claimed the value of the 21.52 acres was $172,162. Mr. Lamson calculated the value based upon his knowledge of the land and numerous comparable land sales in both Clarke County and Loudoun County. The jury returned a verdict for $156,916.67, and the court entered judgment in that amount.

After the time for appeal expired, the Lamsons filed an application for attorney's fees and expenses. The EAJA provides that attorney's fees and other expenses shall be awarded to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[3] They claimed the government's pre-litigation position based upon the Bowers' appraisal left them with no choice but to litigate. They also claimed the government violated the Uniform Real Property Acquisition Policy Act,[4] and that the government's second appraiser, Joe Wingate, was unqualified because his office was in Roanoke, Virginia, was four hours from the Lamsons' land, and because the comparable sales upon which he based his appraisal were all from Clarke County.

_____

**3** 28 U.S.C.A. § 2412(d)(1)(A) (West Supp. 1996).
**4** 42 U.S.C. § 2651 (1988).

3

The district court denied the application and found the government's position "substantially justified." The Lamsons appealed. Because the magistrate judge failed to use the proper test to evaluate the government's position, we reversed and remanded with instructions.

On remand, the magistrate judge again denied the Lamsons' petition for attorney's fees. The magistrate judge found that based on the totality of the circumstances, both prelitigation and at trial, the government's position was substantially justified. The Lamsons appeal, arguing that the magistrate judge abused his discretion by failing to find that the appraisals relied upon by the government were supported by an adequate factual basis.

We review the decision of a district court to award or to deny fees and expenses under the EAJA for an abuse of discretion.[5] After conducting a detailed review of the record, we conclude that the magistrate judge did not abuse his discretion in finding that the government had substantial justification for its position. When, as in this case, the government uses experienced, qualified, competent appraisers, and consistently relies on their valuations in its offers of compensation, without any evidence of bad faith on its part, the government's positions are substantially justified.[6] We do not believe that the magistrate judge's failure to state that the government's appraisals were supported by an adequate factual basis resulted in an abuse of discretion in this case. Therefore, we affirm the denial of the Lamsons' petition for attorney's fees and other expenses. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
[5] **Pierce v. Underwood**, 487 U.S. 552, 557-63 (1988).
[6] **United States v. 1,378.65 Acres of Land Situate in Vernon County, State of Mo.**, 794 F.2d 1313, 1319 (8th Cir. 1986).

4